56537. HARPER v. FIDELITY & GUARANTY
INSURANCE UNDERWRITERS et al.

QUILLIAN, Presiding Judge.

This is an appeal from a judgment of the superior court which affirmed an award of the State Board of Workers' Compensation. *Held:*

1. The appellant argues that the board's determination that the claimant was able to return to work was not authorized since there was medical testimony that the claimant was disabled because of emotional illness which was brought about by an injury she received on the job. This contention is without merit. There was medical evidence by two orthopedic specialists which was sufficient to authorize the board's determination that the claimant had recovered sufficiently from her injury to return to her employment.

2. The appellant further argues that the claimant's emotional illness was an occupational disease and should have been referred to the medical board. With this contention we do not agree. There was no evidence that the claimant's emotional illness was "due to causes and conditions which are characteristic and peculiar to the particular" employment the claimant was engaged in. Code Ann. § 114-803 (Ga. L. 1946, pp. 102, 106; 1971, pp. 895, 900). A mental illness that results from a specific incident is not an occupational disease. *Sawyer v. Pacific Indem. Co.,* 141 Ga. App. 298 (233 SE2d 227).

*Judgment affirmed. Webb, J., concurs. McMurray, J., concurs specially.*

SUBMITTED SEPTEMBER 7, 1978 — DECIDED OCTOBER 23, 1978.

*Paul C. Myers,* for appellant.
*Hopkins & Gresham, H. Lowell Hopkins, Patrick J. McKenna,* for appellees.

McMURRAY, Judge, concurring specially.

In Division 2, the majority cites *Sawyer v. Pacific Indem. Co.,* 141 Ga. App. 298 (233 SE2d 227), as authority for the statement that "[a] mental illness that results from a specific incident is not an occupational disease." *Sawyer v. Pacific Indem. Co.,* supra, involves a young social worker whose mental disorder is asserted to have resulted from the pressures of his job environment, a close long term association with and responsibility for a group of emotionally disturbed boys between the ages of 16 and 18. I find no language in the cited case which supports the meaning which the majority seeks to draw from it. Additionally, even if such language were present in the cited case it would be dicta as the claimant in that case alleges that his mental illness resulted from a long term association as opposed to a specific incident.

The language with which I disagree is surplusage and unnecessary in reaching the decision. Therefore, I respectfully concur in the judgment only.